IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JAMES ROMER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 2:22-cv-04254-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| THE CITY OF NORTH CHARLESTON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Magistrate Judge Molly H. Cherry's report and recommendation ("R&R"), ECF No. 47, on defendant City of North Charleston's (the "City") motion for summary judgment, ECF No. 37. For the reasons set forth below, the court adopts the R&R and grants the City's motion.

## I. BACKGROUND[1]

This is an employment discrimination case stemming from plaintiff James Romer's ("Romer") claims that his employment was terminated by the City because of his religious objections to taking the COVID-19 vaccine.

Romer was employed by the City's Fire Department for over fourteen years until the City terminated his employment in 2021. ECF No. 42-11 ¶ 4.g.; 37-14 (letter terminating employment); see 37-4 at 15:24–16:23, 25:14–20, 114:19–21. On September

---

[1] Some of Romer's objections could be read as disagreement with the magistrate judge's recitation of the facts in the R&R, but he does not specifically say which aspects of the magistrate judge's factual recitation are erroneous. See ECF No. 49 ¶¶ 1, 4, 19. The court finds that these are the type of general and conclusory objections that do not point to a specific error in the R&R and thus do not trigger de novo review. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). In any event, the court finds that the facts recited by the magistrate judge gives an accurate and detailed accounting of the relevant case background. The court provides only a brief summary of the relevant facts here for the purpose of aiding an understanding of the court's analysis.

1

1, 2021, the City's Mayor R. Keith Summey ("Mayor Summey") issued Executive Order Number 2021-0001 (the "Executive Order") requiring that all City employees become fully vaccinated for COVID-19 by November 5, 2021. ECF No. 37-3; see also Bauer v. Summey, 568 F. Supp. 3d 573, 582–83 (D.S.C. 2021) (describing the Executive Order in more detail). On September 13, 2021, Romer submitted a written request for a religious accommodation or an exemption from the Executive Order's vaccination requirement. ECF No. 37-9. In this request, Romer explained that, as a devout Christian, he believes that vaccines interfere with the immune system God created and are thus a violation of God's will for humanity. Id. at 3. He therefore stated that taking the vaccine would violate his sincerely held religious beliefs. Id.

Also on September 13, 2021, Romer, along with several other City police officers and firefighters, filed a lawsuit against the City and Mayor Summey in the Charleston County Court of Common Pleas. Bauer v. Summey, No. 2021-CP-10-04222 (Charleston Cnty. Ct. C.P. Sept. 13, 2021). In Bauer, the plaintiffs contended that the Executive Order violated South Carolina law, as well as the South Carolina Constitution and the United States Constitution. Compl., Bauer, No. 2021-CP-10-04222. On September 14, 2021, the City removed Bauer to this court, and the plaintiffs moved to enjoin the City from enforcing the Executive Order. Bauer v. Summey, No. 2:21-cv-02952-DCN (D.S.C. Sept. 14, 2021), ECF Nos. 1; 4. This court denied the plaintiffs' motion for an injunction on October 21, 2021. See generally Bauer, 568 F. Supp. 3d 573. In relevant part, the court found that the plaintiffs had not established a likelihood of success on the merits because the defendants provided evidence showing that their vaccine policy was rationally related to the need to prevent the spread of COVID-19. Id. at 595–96.

On November 18, 2021, while Bauer still remained pending before this court, the City denied Romer's request for religious accommodation because, among other reasons, "the nature of [Romer's] duties as a firefighter, regardless of rank, is such that the alternative methods of preventing spread of COVID are not practical." ECF No. 37-12 at 2. The City's response indicated that Romer's deadline for compliance with the vaccination requirement was noon on Friday, December 3, 2021. Id. On December 1, 2021, the City notified Romer that he was not in compliance with the vaccination requirement and that, if he did not provide documentation of compliance by noon on December 3, 2021, he would not be eligible to continue his employment with the City after that date. ECF No. 37-13 at 2. On December 10, 2021, the City sent Romer a letter to notify him that his employment was terminated because he had failed to comply with the vaccination requirement. ECF No. 37-14 at 2. On February 1, 2022, the court dismissed Bauer with prejudice. No. 2:21-cv-02952-DCN, ECF No. 36.

Romer filed a Charge of Discrimination on July 4, 2022, and the United States Equal Employment Opportunity Commission issued a determination and notice of right to sue on September 29, 2022. ECF Nos. 37-5; 37-7. Romer then initiated this lawsuit by filing his compliant on November 28, 2022. ECF No. 1, Compl. On August 17, 2023, he filed an amended complaint, which is now the operative complaint, and asserted two causes of action: (1) religious discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq.; and (2) retaliation for complaints regarding religious discrimination in violation of Title VII. ECF No. 25, Amend. Compl. ¶¶ 32–56.

The City moved for summary judgment on both of Romer's claims on February 19, 2024. ECF No. 37. Romer responded in opposition to the City's motion on April 19, 2024, ECF No. 42, to which the City replied on May 9, 2024, ECF No. 46. Pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2) (D.S.C.), the action was thereafter referred to Magistrate Judge Cherry for pretrial proceedings. On July 19, 2024, Magistrate Judge Cherry issued the R&R in which she recommended that the court grant the City's motion for summary judgment and dismiss this case. ECF No. 47, R&R. Romer objected to the R&R on August 2, 2024, ECF No. 49,[2] and the City replied to Romer's objections on September 16, 2024, ECF No. 54. As such, this matter is fully briefed and ripe for the court's review.

## II. STANDARD

**A. Order on R&R**

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). In the absence of a timely filed, specific objection, the court reviews the R&R only for clear error. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

---

[2] Romer filed two different documents labeled as objections to the R&R on August 2, 2024. ECF Nos. 48; 49. In the first of these filings, Romer's sixth objection consists entirely of one sentence, which Romer does not appear to have completed. See ECF No. 48 ¶ 6 ("The Magistrate errored in determining that 'it turns on whether the suits and the claims asserted herein arise out of the same"). His second set of objections does not include this partially constructed thought, and, as far as the court can tell, this typographical error and a minor formatting change are the only differences between these two filings. Compare ECF No. 48, with ECF No. 49. Therefore, the court disregards ECF No. 48 and considers ECF No. 49 as Romer's objections.

Analogously, de novo review is unnecessary when a party makes general and conclusory objections without directing the court's attention to a specific error in a magistrate judge's proposed findings. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

### B. Summary Judgment

Summary judgment shall be granted if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248. "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Id. at 249. In so doing, the court must view the evidence in the

light most favorable to the non-moving party and draw all inferences in its favor. Id. at 255.

### III.   DISCUSSION

In her R&R, the magistrate judge recommended granting summary judgment after finding that all of Romer's claims were barred by res judicata because they could have been brought in the Bauer case. R&R at 7–13. Alternatively, the magistrate judge found that, even if Romer's claims were not barred by res judicata, the City would still be entitled to summary judgment on the merits. Id. at 13–35. First, she recommended granting summary judgment on Romer's religious discrimination claim to the extent it is brought under a failure to accommodate theory because, while a jury could find in Romer's favor on his prima facie case, the City had met its burden of showing it could not reasonably accommodate Romer's request without an undue hardship. Id. at 13–26. Second, she recommended granting summary judgment on Romer's religious discrimination claim to the extent it is brought under a disparate treatment theory because Romer failed to produce evidence showing that he was meeting his employer's legitimate expectations or that similarly situated firefighters outside of his religion were being treated differently. Id. at 27–30. Third, she recommended granting summary judgment on Romer's retaliation claim because Romer had not produced evidence showing a causal connection between Romer's protected activity and the adverse employment action. Id. at 30–35.

Romer challenges each of these recommendations across nineteen enumerated objections. ECF No. 49. He begins, in his first five objections, and ends, in his nineteenth objection, with general criticisms of the magistrate judge's R&R. Id. ¶¶ 1–5,

19. However, these objections merely espouse general legal principals, which do not relate specifically to the magistrate judge's analysis of his specific causes of action. See id. ¶¶ 1–5, 19. Thus, the court will begin by discussing these six objections and briefly reviewing what constitutes a specific objection. After that, the court will analyze Romer's objections to the magistrate judge's recommendation that the court grant summary judgment.

### A. General Objections

To be specific, an objection must reasonably "alert the district court of the true ground for the objection. Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review." Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (citations and internal quotation marks omitted). It is for this reason that "general and conclusory objections," which "do not direct the court to a specific error in the magistrate's proposed findings and recommendations," are not sufficient to trigger de novo review. Orpiano, 687 F.2d at 47.

Romer's first five and nineteenth objections state:

1. The Court presents the facts of the Plaintiff's employment in a light most favorable to the Defendant and blatantly ignores the facts most favorable to the Plaintiff.
2. The Court joins with the Defendant to deprive the Plaintiff of essential constitutional rights of the right to earn a living free of discrimination based on his religion.
3. The fact remains that when examining the Defendant as an employer they have extensive issues regarding the treatment of their employees and treating them poorly be it based on their religion.
4. The Court committed an outrageous error when it decided to accept the Defendant's rendition of facts regarding the decision to terminate the plaintiff and allow the subjugation of the Plaintiff's religious freedoms guaranteed by the constitution of the United States.
5. The Magistrate erred in finding that Summary Judgment is appropriate. Summary Judgment s [sic] appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

> to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Summary Judgment is clearly not appropriate here as Mr. Romer has clearly shown that he has not been properly accommodated under the law.
>
> . . . .
>
> 19. The Court should immediately vacate, annul and rescind the report and recommendation presented by the Magistrate on July 19, 2024, as it is extremely prejudicial, fails to consider the facts in a light most favorable to the non-moving party and fails to legitimately determine that the Defendant is entitled to judgment as a matter of law.

ECF No. 49 ¶¶ 1–5, 19.

The court finds that these objections are not specific, as they do not direct the court to any particular defect in the magistrate judge's reasoning. See Orpiano, 687 F.2d at 47. To the extent these objections could be read as disagreeing with the magistrate judge's recitation of the facts of this case, Romer does not point the court to any specific factual errors in the R&R, and the court finds that the magistrate judge accurately described the facts as they appear in the record. See R&R at 1–5. Likewise, to the extent Romer objects to the magistrate judge's application of an incorrect legal standard, these objections do not point to any place in the R&R where the magistrate judge applied the wrong standard, and the court finds that the magistrate judge applied the correct legal standard throughout her discussion. See id. at 6–35. In short, these objections state little more than "I object," and they are therefore neither specific nor helpful. See Elijah, 66 F.4th at 460.

### B. Res Judicata

The magistrate judge found that each Romer's claims are barred by res judicata because his claims could have been adjudicated in the Bauer case. R&R at 7–13. The

magistrate judge accurately summarized the law generally pertaining to res judicata, and Romer does not object to that recitation. R&R at 7; ECF No. 49 at ¶¶ 6–8.

"Under the doctrine of res judicata, or claim preclusion, '[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004) (alteration in original) (quoting Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). In so doing, this doctrine "encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes." Id. (quoting Brown v. Felsen, 442 U.S. 127, 131 (1979)). "For the doctrine of res judicata to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." Id. The magistrate judge found that all three of these requirements were met. R&R at 7–13.

Romer targets the magistrate judge's recommendation on res judicata in objections six, seven, and eight. ECF No. 49 ¶¶ 6–8. While Romer does not dispute the magistrate judge's conclusion that this case and Bauer involve the same parties, he suggests that the court did not reach a final judgment on the merits in Bauer[3] and argues that Bauer did not involve the same claims as he brings in this case. See id.

---

[3] Romer's objections are not clear on whether he disagrees with the magistrate judge's determination that the court reached a final decision on the merits in Bauer. See ECF No. 49 ¶ 8. He does not overtly mention this issue, but the final sentence of his eight objection states: "Res Judicata is the improper vehicle for the dismissal of this case as the case should be adjudicated on its merits because It [sic] was not adjudicated on the merits of an emergency injunction previously." Id. The court is not entirely clear on the meaning of this sentence, and the court finds that it is not a specific objection because it does not direct the court to any particular defect in the magistrate judge's reasoning. See

9

Like the magistrate judge and Romer, the court quickly finds that this case and Bauer involve the same parties because Romer was a plaintiff in both Bauer and in this case and because the City was a defendant in both Bauer and in this case. See Amend. Compl.; Bauer, 2:21-cv-02952-DCN, ECF No. 15, Bauer Amend. Compl. The court will therefore proceed to consider whether the other two requirements for res judicata are present.

The court finds that it reached a final decision on the merits in Bauer. In his objections, Romer suggests that the court did not decide Bauer on the merits because it denied the plaintiffs' request for injunctive relief. See ECF No. 49 ¶ 8. It is true that the court denied the plaintiffs' motion for a preliminary injunction on October 21, 2021. See Bauer, 568 F. Supp. 573. That decision, however, was not the final word. On February 1, 2022, the court dismissed Bauer with prejudice.[4] Bauer, No. 2:21-cv-02952-DCN, ECF No. 36. "It is well settled that a dismissal with prejudice is an adjudication on the merits for res judicata purposes." Hall v. Greystar Mgmt. Servs., L.P., 193 F. Supp. 32d 522, 529 (D. Md. 2016); see also, e.g., Kenny v. Quigg, 820 F.2d 665, 669 (4th Cir.

---

Orpiano, 687 F.2d at 47. Nevertheless, the court reviews whether it reached a final decision on the merits in Bauer de novo out of an abundance of caution.

[4] The Bauer defendants had moved for dismissal pursuant to Rule 12(b)(6) on October 20, 2021, and the Bauer plaintiffs had moved for voluntary dismissal pursuant to Rule 41(a) on October 28, 2022. Bauer, No. 2:21-02952-DCN, ECF Nos. 21; 25. On November 9, 2021, the court ordered the plaintiffs to respond to the defendants' motion and brief whether the action should be dismissed with or without prejudice. Bauer, No. 2:21-02952-DCN, ECF No. 29. In its February 1, 2022 order dismissing the case, the court found that the "plaintiffs' reasons for voluntary dismissal without prejudice—to the extent they offered any [were] wholly insufficient." Bauer, No. 2:21-02952-DCN, ECF No. 36 at 5. The court determined that plaintiffs' motion for voluntary dismissal was "merely an attempt to avoid defending their claims against dismissal for failure to state a claim" and, for this and similar reasons, the court dismissed Bauer with prejudice. Id. at 5, 8.

1987) ("Because a voluntary dismissal with prejudice is a valid, final judgment on the merits, Kenny's voluntary dismissal of her counterclaim with prejudice had potential res judicata effect." (citation omitted)). Consequently, the court finds that its dismissal of Bauer was a final decision on the merits.

The only remaining issue is whether there is "an identity of the cause of action in both" Bauer and this case. See Pueschel, 369 F.3d at 354–55. Romer contends that there is not. ECF No. 49 ¶¶ 6–8. He argues that this case is a Title VII religious discrimination case that it has "nothing to do with" Bauer because Bauer concerned "a restraining order to stop [his] termination while the other issues were pending and could be decided in their full glory before the court." Id. ¶ 6. He points out that, at the time he and the other plaintiffs in Bauer filed their complaint, his employment had not yet been terminated, and he avers that he was therefore not aware that his requested accommodations would be denied and that he would eventually be discriminated against. Id. ¶ 8. Thus, he argues that the two cases did not arise out of the same transaction or occurrence. Id. Additionally, he also maintains that he could not have asserted his Title VII claims in Bauer because the EEOC did not issue its right to sue letter until after that case was no longer pending. Id. ¶¶ 7–8. Therefore, he contends that even if he could have brought his Title VII claims in Bauer, the court would not have had jurisdiction to hear those claims in that case. Id.

Though the standard for res judicata speaks of whether two cases involve the same causes of action, the court's inquiry "does not turn on whether the claims asserted are identical. Rather, it turns on whether the suits and the claims asserted [in the two cases] 'arise out of the same transaction or series of transactions or the same core of

11

operative facts.'" Pueschel, 369 F.3d at 355 (quoting First Union Com. Corp. v. Nelson, Mullins Riley & Scarborough (In re Varat Enters.), 81 F.3d 1310, 1316 (4th Cir. 1996)). Otherwise, parties could "frustrate the goals of res judicata through artful pleading and claim splitting given that '[a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law.'" Id. (alteration in original) (quoting Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (1st Cir. 1991)). For similar reasons, "the doctrine of res judicata not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." Id. at 355–56. Thus, "[n]ewly articulated claims based on the same [transactional] nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Tahoe Sierra Pres. Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1078 (9th Cir. 2003)).

In comparing the allegations in Romer's amended complaint in this case with those in the plaintiffs' amended complaint in Bauer, the court finds that both cases involve the same core operative facts. Notably, both cases involve a challenge to the vaccine mandate in Mayor Summey's Executive Order. Amend. Compl. ¶ 15; Bauer Amend. Compl. ¶¶ 20, 21. Moreover, the basis of Romer's claims in this lawsuit are tied to his assertions that the City terminated his employment after failing to accommodate his religious beliefs. Amend. Compl. ¶¶ 26 ("That the City failed and refused to accommodate the Plaintiff's requests for exemption for religious beliefs. All employees who were not a member of the police department or fire department were granted a religious exemption based on their faith/religious belief."), 28 ("That the Plaintiff

12

complained about the City failing to grant him an exemption and accommodate his religion. The City terminated the Plaintiff from his employment in retaliation for his complaints regarding discrimination."). Though the plaintiffs in Bauer did not specifically bring employment-related claims related their religious exercise, they alleged that the Executive Order was unlawful because, among other reasons, it "would result in a common law wrongful discharge of the Plaintiffs, and conflicts with the United States guarantee of equal protection, free exercise, and due process." Bauer Amend. Compl. ¶ 21 (emphasis added). The court therefore finds that this case and Bauer arise out of the same transaction or core operative facts. See Pueschel, 369 F.3d at 355.

The court also finds that Romer could have litigated his Title VII claims in Bauer. To reiterate, the Bauer case did not end with the court's denial of the plaintiffs' motion for a preliminary injunction on October 21, 2021, and instead the case remained pending until the court's dismissal of the case on February 1, 2022. See Bauer, No. 2:21-cv-02952-DCN, ECF No. 36. Yet, the City denied Romer's request for a religious accommodation on November 18, 2021, and terminated Romer's employment on December 10, 2021. ECF Nos. 37-12; 37-14. Thus, all of the operative facts giving rise to Romer's Title VII claims occurred while Bauer was still pending, and Romer could have amended his complaint to bring his Title VII claims in Bauer.[5] See Gilliam v. Resolute FP US, Inc., 2017 WL 4173598, at *4 (D.S.C. Sept. 21, 2017) (finding that res judicata barred a plaintiff's Title VII claim when "[t]here is no showing that Plaintiff

---

[5] The court notes that Romer was clearly aware of the possibility of employment related claims arising out of his challenge to the City's Executive Order because he pled as much in Bauer. See Bauer Amend. Compl. ¶ 21 (alleging that the City's enforcement of the Executive Order "would result in a common law wrongful discharge of the Plaintiffs").

would have been barred from amending his complaint to include his Title VII allegations" in an earlier case).

Beyond that, while it may be true that the EEOC had not yet issued Romer's right to sue letter at the time when the court dismissed Bauer, such does not bar the court from finding that his Title VII claims are barred by res judicata. See O'Grady v. MCI Telecomm. Corp., 103 F.3d 119 (4th Cir. 1996) (unpublished table decision) (finding a plaintiff's Title VII claim barred by res judicata because "[w]hile [the plaintiff] had not yet received his right to sue notice from the EEOC, he was entitled to one" and could have brought his Title VII claims in the earlier action); Gilliam, 2017 WL 4173598, at *4. While receipt of an EEOC notice of right to sue is mandatory when a plaintiff seeks to bring a Title VII claim, this court has previously ruled that the EEOC notice has "no bearing on when [a plaintiff] could have raised h[is] Title VII claims." Zimmerman v. Coll. of Charleston, 2013 WL 4523585, at *5 (D.S.C. Aug. 26, 2013) (emphasis added) (finding that res judicata barred a plaintiff's Title VII claims when those claims could have been brought in an earlier case even though the EEOC had not yet issued a right to sue letter). As the court noted in Zimmerman, "even if [the plaintiff's] claims hinged on receipt of the notice, res judicata would still apply because [he] could have sought to stay the [earlier] proceeding." Id. at *5 n.4; accord Czarniecki v. City of Chi., 633 F.3d 545, 551 (7th Cir. 2011) ("Czarniecki could have avoided res judicata by . . . asking the district court to stay [his previously pending] case until he had exhausted his Title VII

14

administrative remedies [and/or] contacting the EEOC to expedite the administrative process and/or to obtain an earlier right-to-sue letter . . . .").[6]

As such, the court finds that Romer could have brought his Title VII claims in Bauer and that the Title VII claims he now brings in this suit are thus barred by res judicata. Because each of his claims fail as a matter of law, the court declines to reach Romer's remaining objections on the magistrate judge's recommendations concerning the merits of his claims.[7]

---

[6] Romer objects to the magistrate judge's citation to Czarnicki, 633 F.3d at 550. ECF No. 49 ¶ 7. He argues that Czarniecki "has been distinguished on 3 different occasions by other courts." Id. While he does cite or mention two of these occasions, he argues that that Czarniecki "was distinguished in Drake v. Chop Hospitality, LLC[, 2021 WL 1088276 (N.D. Ill. Mar. 22, 2021)]." ECF No. 49 ¶ 7. In Drake, the court found that the plaintiffs had not impermissibly split their claims and that the plaintiffs were not required to reinstate claims that had been sent to arbitration rather than filing a new suit to avoid res judicata, and the court explained that Czarniecki "is completely off point" for making this decision. 2021 WL 1088276, at *6. The court finds that Drake is not helpful and that the magistrate judge's citation to Czarniecki, 633 F.3d at 550, was appropriate.

[7] The majority of Romer's remaining objections pertain to his claim for religious discrimination under a failure to accommodate theory and specifically whether the City established that it would have faced an undue hardship by providing Romer an accommodation. ECF No. 49 ¶¶ 9–16. The court declines to reach this issue.

Finally, Romer's seventeenth objection concerns his disparate treatment claim, and his eighteenth objection concerns his retaliation claim. Id. ¶¶ 17–18. However, these objections do little more than recite the elements of his claim without addressing the magistrate judge's conclusions. See id. For this reason, the court finds that these are the type of general and conclusory objections which do not direct the court to a specific defect in the magistrate judge's reasoning and are thus insufficient to trigger de novo review. See Orpiano, 687 F.2d at 47. Even if the court were to reach this issue, it would review these two claims for clear error and, because the court finds no error in the R&R, adopt the magistrate judge's recommendation.

## IV.   CONCLUSION

For the foregoing reasons, the court **ADOPTS** the R&R and **GRANTS** the City's motion for summary judgment.

**AND IT IS SO ORDERED.**

                                      **DAVID C. NORTON**
                                      **UNITED STATES DISTRICT JUDGE**

**September 30, 2024**
**Charleston, South Carolina**